# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DeLaQuay Williams, | No. 24-cv-2618 (KMM/SGE) |
| Plaintiff, | |
| v. | **CASE MANAGEMENT ORDER** |
| Christine Satriano, *in her personal and official capacities*, | |
| Defendant. | |

In light of the procedural history of this case and the recent filings of the parties, summarized below, the Court finds it is in the interests of justice to enter a Case Management Order regarding the next steps in this litigation.

On July 1, 2024, Plaintiff DeLaQuay Williams filed this action under 42 U.S.C. § 1983, asserting both individual- and official-capacity claims against Defendant Christine Satriano arising out of her conduct while Mr. Williams was a detainee at the Ramsey County Adult Detention Center. Mr. Williams initiated the suit without counsel and sought permission to proceed *in forma pauperis* ("IFP"). After Mr. Williams complied with his obligation to submit documentation allowing the Court to calculate an initial partial filing fee in accordance with the Prison Litigation Reform Act, United States Magistrate Judge Dulce J. Foster granted the IFP application, the summons and complaint were served on Ramsey County given that Ramsey County is the real party in interest with respect to Mr. Williams's official-capacity claims against Ms. Satriano. On October 8, 2024, Ramsey County moved to dismiss, arguing that the complaint failed to allege a plausible claim for local-government liability under § 1983. Mot. to Dismiss, ECF 23; Def.'s Mem., ECF 24. That motion is currently pending before the Court.

Mr. Williams did not respond to the motion to dismiss within the time provided by the District of Minnesota's Local Rules, and United States Magistrate Judge Shannon G. Elkins[1] issued a briefing order requiring a response by February 25, 2025. Before the response was due under that extended deadline, in a letter to Judge Elkins, Mr. Williams requested appointment of counsel. On February 25th, Judge Elkins referred Mr. Williams to the Minnesota chapter of the Federal Bar Association's *Pro Se* Project in an effort to provide him an opportunity to consult with a volunteer attorney regarding his case. Judge Elkins also extended the deadline for a response to the motion to dismiss until May 30, 2025.

On May 20, 2025, Attorneys Tyler Bliss and Graham Blair Ojala-Barbour entered a notice of appearance on behalf of Mr. Williams and filed an unopposed motion for extension of time to file a response to Ramsey County's motion to dismiss. In the unopposed motion, Ramsey County agreed with plaintiff's counsel that a response to the motion or an amended complaint would need to be filed by July 29, 2025. Judge Elkins granted that motion on May 23rd and explained that "[n]o further extensions will be granted." Text Order, ECF 41. On July 30, 2025, one day after the deadline established by Judge Elkins, Mr. Williams filed a motion to amend his complaint. Mot. to Am., ECF 46. Because the motion to amend suggested that Ramsey County had taken the position that it would not object to the filing of an amended complaint by July 29th, but the motion to amend was not filed until July 30th, Ramsey County submitted a letter stating that it would move to strike the motion to amend "in the coming days." Def.'s Letter, ECF 47. In response, counsel for Mr. Williams filed a July 30th letter and a motion for extension of time on August 7th, explaining that they had not intended to mislead the Court as to the nature of the parties' agreement

---

[1] Following her appointment to the bench, this case was reassigned to Judge Elkins on September 30, 2024. ECF 19.

2

and that their failure to meet the July 29th deadline was the result of excusable neglect in calendaring the deadline. Pl.'s Letter, ECF 48; *See also* ECF 49–53. In the meet-and-confer statement accompanying the motion for a further extension, plaintiff's counsel indicate that they had not received a response to their email regarding the extension request from either Ramsey County or Ms. Satriano at the time of filing.

The Court is mindful that it has not yet received a response to Mr. Williams's August 7th motion for an extension from the Defendants, nor has Ramsey County yet filed the motion to strike referenced in its July 30th letter. However, the Court finds that under the circumstances of this case, further procedural sparring around the delay in the filing of Mr. Williams's motion to amend his complaint will not be a productive use of the resources of the parties or the Court. Thus, the Court finds that the motion to amend should be granted, the proposed amended complaint should be filed as the operative pleading in this case, the plaintiff's motion for an extension and Ramsey County's original motion to dismiss should be denied as moot, and the defendants should be given an opportunity to answer or otherwise respond to the amended complaint. The Court chooses this path for the following two reasons.

First, even assuming Ramsey County would prevail on a motion to strike and on its underlying motion to dismiss, the Court would likely end up back in the same place as if it were to allow Mr. Williams to amend his complaint now. Ramsey County could move to strike the motion to amend, and if the Court were to grant that request, Ramsey County's motion to dismiss would be technically unopposed. And if the Court were to grant the motion to dismiss the official-capacity claims asserted in the original complaint under Rule 12(b)(6), the Court would almost certainly give Mr. Williams leave to file an amended complaint despite that dismissal. After all, the pending motion to dismiss is largely based on the failure of the original complaint to assert

3

facts that would be needed to establish the liability of a local government unit under § 1983. If a pleading deficiency that leads to dismissal of a claim is one of insufficient specificity or the absence of factual allegations, as opposed to an insurmountable barrier to the plaintiff's claim as a matter of law, courts frequently give the plaintiff an opportunity to replead. That is especially the case when an insufficiently pled claim was drafted by an unrepresented party. *See, e.g.*, *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that valid claim might be stated.").

    Second, in the July 30th letter filed by Ramsey County, although the County explains that the motion to amend was untimely and that the nature of the parties' agreement for an extension after plaintiff's counsel entered a notice of appearance did not contemplate submission of an amended pleading after July 29th, the letter does not hint at any prejudice that Ramsey County would suffer as a result of the late filing. True, there has been considerable delay in this case. Perhaps the County could articulate some form of prejudice attributable to the fact that this matter has been pending since July and its motion to dismiss was filed in October 2024. But plaintiff's counsel missed the July 29, 2025 deadline agreed upon by the parties by a single day, and the additional delay attributable to that mistake would not exacerbate any prejudice that Ramsey County was willing to overlook in agreeing to allow a filing on July 29th. These observations are in no way intended to fault Ramsey County for raising the failure of plaintiff's counsel to meet the

4

agreed-upon and Court-imposed deadline.[2] Instead, it is a recognition that delay alone should not deprive Mr. Williams of having the merits of his official-capacity claims considered by the Court. *See, e.g.*, *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999) ("[T]here is a strong policy in favor of deciding a case on its merits, and against depriving a part of his day in court.").

Accordingly, the Court enters the following **ORDER**.

1. The Plaintiff's motion to amend (ECF 46) is **GRANTED**.

2. Plaintiff shall file the proposed amended complaint (ECF 46-1) as the First Amended Complaint **within three days of the date of this Order**.

3. Ramsey County's motion to dismiss the original complaint (ECF 23) is **DENIED AS MOOT**.

4. Plaintiff's motion for an extension of time (ECF 49) is **DENIED AS MOOT**.

5. Defendants shall each answer or otherwise respond to the First Amended Complaint **within 21 days after Plaintiff files the First Amended Complaint** as required by this Order.

Date: August 8, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

---

[2] The Court also expects that the recent developments in this case will likely make plaintiff's counsel keenly aware of the need to meet deadlines imposed by the applicable rules of procedure and the Court.