Tyler Bliss (MN Lawyer ID 0391028)
**TYLER BLISS – ATTORNEY AT LAW**
80 South 8th Street, Unit 900
Minneapolis MN 55402
Telephone: (651) 789-0192
Tyler@tylerblisslaw.com

Graham Ojala-Barbour (MN Lawyer ID 0392397)
**OJALA-BARBOUR LAW FIRM PLLC**
1100 7th Street West
Saint Paul MN 55102
Phone:  651-214-6284
graham@ojalabarbour.com

Attorneys for:  **Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DeLaQuay Williams,<br><br>    Plaintiff,<br>vs.<br><br>    Christine Satriano, in her individual and official capacity, Jane Doe, an unknown nurse at Ramsey County Jail in her individual and official capacity, and Ramsey County.<br><br>    Defendants. | CASE NO.: 24-cv-2618-KMM-SGE<br><br>**AMENDED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## STATEMENT OF CLAIMS

1. Plaintiff seeks money damages, and equitable relief from Defendants for violating his constitutional rights pursuant to 42 U.S.C. § 1983.

2. This case arises from Defendant Christine Satriano's sexual abuse of Plaintiff Williams while Williams was an inmate at Ramsey County Adult Detention Center ("Jail") in Saint Paul, Minnesota in violation of the Eighth, and Fourteenth Amendments to the U.S. Constitution. The abuse began in approximately May of 2022 and continued through July 2022, during which time Defendant Satriano was also unlawfully providing him with unprescribed medications and promising favors and preferential treatment with the intent to be sexually abusive. Plaintiff also is claiming that the inappropriate sexual relationship was reported to at least one nurse supervisor, Jane Doe, whose name is currently unknown but who failed to take any action when the inappropriate sexual relationship was shared with Ms. Doe by Defendant Satriano. Plaintiff is also claiming that Ms. Satriano was able to harm Plaintiff due to the failure of official Ramsey County policy regarding the supervision of jail medical personnel as well as the failure to supervise Ms. Satriano appropriately, including the failure to have a policy to appropriately account for prescription medication or to supervise medical personnel while having physical contact with inmates, including while administering medication. Despite staff members' knowledge of Defendant Satriano's policy violations and inappropriate behavior, Jail employees and supervisory staff allowed Defendant Satriano to continue the grooming behavior and sexual abuse of Mr. Williams. Had even one Ramsey County employee taken appropriate action and ceased contact between Defendant Satriano and Mr. Williams, some or all of the sexual abuse

would have been prevented.

## JURISDICTION

3. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. § 1983, and 1988. The action is brought to redress the deprivation under color of policy, regulation, official decision, custom, or usage of a right secured by the Plaintiff by 42 U.S.C. § 1983 arising under the Eighth and Fourteenth amendments to the United States Constitution. Said action arises under the Constitution as applied to state and local authorities pursuant to 42 U.S.C. §1983.

## VENUE

4. The events and omissions giving rise to this action substantially occurred in the City of Saint Paul, MN making venue appropriate under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff DeLaQuay Williams, a United States citizen, is currently an inmate at Stillwater Prison, in Stillwater, Minnesota. He is 31 years old.

6. Defendant Christine Satriano ("Defendant Satriano"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the state of Minnesota, and was employed as a medical assistant by Defendant Ramsey County at Ramsey County Adult Detention Center – Saint Paul. The duties of her employment included distribution of medication to inmates.

3

7. Defendant Jane Doe ("Defendant Doe"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the state of Minnesota, and was employed by Defendant Ramsey County at Ramsey County Adult Detention Center – Saint Paul.

8. Defendant Ramsey County operates the Ramsey County Adult Detention Center, a county jail, and is a county capable of being sued under Minnesota law. The county is the legal entity responsible for the jail. Plaintiff bases all applicable and appropriate claims as to Defendant Ramsey County on the doctrines of respondeat superior or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

9. Defendant Ramsey County, and their agents, affirmatively failed to supervise Defendant Satriano and failed to have policies in place to prevent sexual grooming and assault. The 8th Circuit has explained that a supervisor may be held liable under § 1983 if "the supervisor was deliberately indifferent to or tacitly authorized the offending acts." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996).

10. All Defendant agents and/or employees were, at all times relevant to this Complaint, working as on or off duty detention center staff acting under color of state law and within the scope and course of their official duties and employment as county employees.

4

11. Defendant Satriano sexually abused Mr. Williams while working in her capacity as a Medical Assistant at Ramsey County Adult Detention Center in Saint Paul, Minnesota, beginning in approximately May of 2022 and lasting until July of 2022.

12. Defendant Satriano had multiple sexually explicit conversations with Mr. Williams while Defendant Satriano was at work at the detention center and while Mr. Williams was an inmate there. Defendant Satriano wrote sexually explicit letters to Mr. Williams. Defendant Satriano communicated to Mr. Williams that she was sexually aroused when he showed her his penis. Defendant Satriano touched Mr. Williams' penis.

13. Defendant Satriano gave Mr. Williams medication that he was not prescribed.

14. Defendant Satriano was in a position of power and authority inside the jail in which Mr. Williams was detained. Defendant Satriano was prosecuted by Ramsey County for Aiding an Offender – Accomplice After the Fact pursuant to Minnesota Statute 609.495.3 in Minnesota District Court 2nd Judicial District, but Defendant Satriano was not charged with criminal sexual conduct despite the fact that Ramsey County had specific knowledge of her criminal sexual conduct in violation of Minnesota Statute 609.345, Subdivision 1, (d), as she was in a prohibited occupational relationship with Mr. Williams.

15. Defendant Satriano was interviewed on July 20, 2022 as part of an investigation

into her relationship with Mr. Williams. During that interview Defendant Satriano stated that while she was working at Ramsey County Adult Detention Center, (1) Defendant Satriano was in a flirtatious and emotional relationship with Mr. Williams and deposited money into his jail account while she was working at the jail; (2) Mr. Williams showed her his penis and she was aroused; (3) She touched the penis of Mr. Williams on at least one occasion; (4) She told a co-worker at Ramsey County Adult Detention Center that she had seen Mr. Williams' penis, but she did not indicate that the other co-worker took any action; (5) She had provided medication to Mr. Williams that he was not prescribed; (6) In response to investigators asking her how she was able to provide the medication without being prescribed, she answered that Ramsey County does not "count" medication; (7) That she recognized that she was in a position of authority inside the jail and that Mr. Williams was an inmate incarcerated in the jail but had not recognized before the interview that she had done anything wrong.

16. In May, June and July of 2022, Mr. Williams had a clearly-established right to be free from cruel and unusual punishment.

17. Mr. Williams was in a vulnerable position as an inmate of an adult detention center facility and Defendant Satriano was in a position of authority and power as a medical assistant employed at that facility.

18. Defendant Satriano knew or reasonably should have known of the danger he placed Plaintiff into by the inappropriate sexual relationship and providing him

6

with unprescribed medication.

19. In light of the fact that Defendant Satriano was in a position of power and authority over Mr. Williams she reasonably should have known that her sexual contact with him could result in pain and harm to Plaintiff. Defendant Satriano's conduct constitutes a felony act of criminal sexual conduct with Mr. Williams as the victim.

20. The actions of Defendant Satriano constituted cruel and unusual punishment.

21. Defendant's action deprived Plaintiff of her right to be free from cruel and unusual punishment and said action was motivated by a malicious, oppressive and reckless disregard for Plaintiff's constitutional rights as well as by an unconstitutional enforced policy, pattern of practice or custom by Ramsey County and its officers further reflected by her co-worker's failure to take any action to stop the relationship and the fact that Defendant Satriano was able to provide Mr. Williams with money and written sexual letters and have inappropriate telephone conversations with him while she was working at the jail.

22. All Defendants were state actors acting under color of state law.

23. Plaintiff suffered psychological injuries as a result of the sexual contact by a person in a position of authority over him.

24. As a direct and proximate result of the attack on the Plaintiff by Defendant Satriano, he continues to suffer from mental trauma. The Plaintiff continues to

be incarcerated and is under custodial care of carceral staff similarly situated to Defendant Satriano. Plaintiff has flashbacks when medical staff come to administer medical care to him, and he has suffered from depression and feels distrust for medical personnel charged with his care. He continues to suffer and experience mental anguish as a result of the conduct of Defendant Satriano. He also experiences fear and distrust of carceral staff generally as a result of the acts and failures to act of Defendant Ramsey County.

<u>VIOLATIONS OF OFFICIAL POLICY</u>

25. Ramsey County, through its various official rule makers, enacted and promulgated an official policy and/or unofficial custom at the Ramsey County Adult Detention Center that has directly caused injury to Mr. Williams.

26. The Defendant Ramsey County and Defendant Satriano were acting pursuant to: (A) an official policy or custom of the county that did not adequately account for prescription medication at the Ramsey County Adult Detention Center such that Defendant Satriano was able to provide Mr. Williams with prescription medication that he was not prescribed in furtherance of the sexual relationship that she desired with him; and (B) a policy or custom of the county that did not adequately supervise medical staff, including Defendant Satriano, especially during the time when the medical staff had direct contact with inmates. Additionally, the policy and custom of the county (C) failed to provide sufficient oversight of jail medical staff's communication with inmates in order to prevent jail medical staff from adding money to an

8

inmate's jail account and having contact with the inmate through telephone calls and in writing while the jail medical staff was working at the detention facility such that Defendant Satriano was able to have a sexual relationship with Mr. Williams *while she was working*. This failure to provide oversight caused a violation of Plaintiff's civil rights; further the county was deliberately indifferent to the known or obvious consequences of its actions. Additionally, Ramsey County was acting pursuant to an official policy or custom of to hire and retain a medical assistant who is unsuited to serve as a medical assistant in an adult detention center facility. Defendant Ramsey County, as a local government actor and official policy maker, was in charge of either hiring or retaining Defendant Satriano. According to Defendant Satriano's interview with Ramsey County investigators, she told at least one other jail staff that she had seen Mr. Williams' penis, and the other staff did not take appropriate action to ensure the safety of Mr. Williams. This suggests a culture, policy and custom in which this inappropriate behavior perpetrated by Defendant Satriano is tolerated. The hiring and retention of Defendant Satriano constitutes deliberate indifference because of the deprivation of Plaintiff's constitutional rights to be free of cruel and unusual punishment, and such policy and custom is the plainly obvious consequence of Ramsey County's hiring and decision to retain Defendant Satriano as a jail medical assistant.

27. As a result of the sexual contact to which he was subjected by Defendant Satriano, Mr. Williams felt violated and degraded, and has suffered from

depression and mistrust of his subsequent medical providers.

**COUNT 1**
**42 U.S.C. § 1983 (Eighth Amendment – Cruel and**
**Unusual Punishment) - Defendant**
**Satriano**

28. All previous paragraphs are incorporated herein by reference as though fully set forth below.

29. Plaintiff makes a claim under 42 USC § 1983 for violation of the Eighth Amendment of the U.S. Constitution. The Eighth Amendment does not permit Defendant Satriano to have sexual relationships with inmates while working as a medical assistant at the adult detention facility. It is well established under the Eighth Amendment of the Constitution jail staff are not permitted to have sexual relationships with inmates. The Eighth Circuit has definitely concluded that sexual assaults in prison are by definition Eighth Amendment violations, and no showing of further injury is required. *Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007) ("[i]n the context of sexual assault, no reasonable person could conclude that a detainee who was sexually assaulted by a prison guard did not suffer a serious harm."); *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014) ("It is equally beyond dispute that "[r]ape or sexual assault at the hands of other prisoners is ... 'sufficiently serious to amount to a deprivation of constitutional dimension.").

30. The individual Defendant's sexual relationship with Mr. Williams was a clear violation of his Eighth Amendment right.

31. Wherefore, as a direct and proximate result of the action of Defendant Satriano, Plaintiff has suffered compensatory damages in an amount in excess of $250,000.

32. All previous paragraphs are incorporated herein by reference as though fully set forth below.

33. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell*, 436 U.S. at 694-95.

34. Such municipal liability exists where a city fails to properly hire train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); A supervisor may be held liable under § 1983 for failure to train where the supervisor directly participates in the constitutional violation or fails to train the subordinate who caused the violation. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994). A supervisor will be held liable for failure to train where a "reasonable supervisor would have known that his training program (or lack thereof) was likely to result in the specific constitutional violation at issue." *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). This notice of deficiency can be proved where a pattern of misconduct indicates that employees' responses to a regularly recurring situation are insufficient to protect constitutional rights. *See S.J. v. Kansas City Missouri Public School Dist.*, 294 F.3d 1025, 1029 (8th Cir. 2002).

**COUNT II**
**42 U.S.C. § 1983 Failure to Train and Supervise (Monell)**
**Ramsey County**

35. At all times relevant, Defendant Ramsey County had a duty to properly train, supervise, and discipline their employees and agents and make hiring decisions that precluded unfit medical assistants to serve at the Ramsey County Adult Detention Center and to preclude medical staff from having sexual contact with inmates.

36. Defendants breached that duty, in part, by:

a) Improper hiring, retention and instruction on sexual contact between medical staff and inmates.
b) Failing to have a system of accounting for prescription medication in the jail.
c) Failing to provide supervision for the interactions between medical staff and inmates during the direct contact between them for example when medication is given.
d) Failing to monitor the phone and written communication between jail medical staff and inmates during the working hours of medical staff.
(e) Failing to monitor jail staff adding money to accounts of inmates.
(f) Failing to ensure that, when reported, a sexual relationship between jail staff and an inmate is not allowed to continue.

37. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendant Satriano and the Defendant entities' failure to train, supervise, investigate, and discipline Defendant Satriano amounting in a deliberate indifference to Plaintiff's constitutional rights.

12

38. This unconstitutional behavior of Ramsey County is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal and violates the constitutional rights of persons situated such as the Plaintiff.

39. The condoning of misconduct and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

40. Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000.00).

## COUNT III

## CIVIL ASSAULT AND BATTERY

41. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this complaint.

42. Defendant Satriano intentionally inflicted offensive sexual contact upon Mr. Williams while he was an inmate at an adult detention facility, which caused bodily harm to Mr. Williams including but not limited to sexual touching, as alleged *supra*.

43. Mr. Williams was an inmate at all relevant times and could not consent to the offensive contact alleged herein, constituting assault and battery upon him.

44. Defendant Satriano's actions were an unlawful civil assault of and battery upon Mr. Williams.

45. As a direct and proximate result of the assault and battery of Mr. Williams, Mr. Williams suffered physical injury, pain and suffering, mental anguish, and

13

humiliation as alleged in this Complaint.

46. Defendant Satriano was employed by Ramsey County and operating within her scope of employment when she committed the civil assault of and battery such that Ramsey County is vicariously liable for the actions of Defendant Satriano under the theory of *respondeat superior*.

47. Defendant Satriano's conduct occurred during working hours and while conducting official business. Defendant Ramsey County knew or should have known of such conduct based on Defendant Satriano's telephone and written communication with Mr. Williams during working hours, Defendant Satriano adding money to Defendants' account, Defendant Satriano having provided medication to Mr. Williams that he was not prescribed and which should have been accounted for, and Defendant Satriano's communication to another worker about having seen Mr. Williams' penis, upon which no action was taken.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48. Defendant Satriano intended to initiate and did, in fact, initiate non-consensual sexual contact with Williams while he was imprisoned and legal unable to consent to sexual contact including but not limited to sexual touching, as alleged *supra*.

49. Defendant Satriano knew or should have known that her initiation of sexual contact with a prisoner would cause emotional distress.

50. Defendant Satriano's initiation of sexual contact has caused emotional distress

14

to Mr. Williams which has been extreme and disabling as alleged, *supra*.

51. Defendant Satriano was employed by Defendant Ramsey County and operating within her scope of employment when she committed the negligent infliction of emotional distress such that Defendant Ramsey County is vicariously liable for the actions of Defendant Satriano under the theory of *respondeat superior*.

52. Defendant Satriano's conduct occurred during working hours and while conducting official business. Defendant Ramsey County knew or should have known of such conduct based on Defendant Satriano disclosing such conduct to other employees and Defendant Ramsey County's failure to have policies in place to prevent and detect unauthorized access to inmates and to prevent unauthorized administration of prescription medications.

## COUNT VI

## NEGLIGENT SUPERVISION OF DEFENDANT SATRIANO

### As to Defendant Ramsey County

53. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

54. Defendant Ramsey County and its agents were negligent the supervision of Defendant Satriano.

55. Defendant Ramsey County knew or had reason to know that Defendant Satriano engaged in inappropriate conduct with inmates. Satriano herself indicates she reported sexual conduct to other employees, that there was no policy in place preventing the unauthorized administration of prescription drugs to inmates, and

15

that jailers gave access through the "pass through" doors in the jail cell.

56. Defendant Ramsey County knowing or having reason to know that Defendant Satriano specifically needed additional training and/or supervision in proper interactions with male inmates at the jail, negligently failed to provide appropriate supervision of Defendant Satriano.

57. The negligent supervision of Defendant Satriano by Defendant Ramsey County caused the assault of and battery upon Mr. Williams.

**COUNT VII**

**NEGLIGENT SUPERVISION AND TRAINING OF JAIL EMPLOYEES**

**As to Defendant Ramsey County.**

58. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

59. Defendant Ramsey County was negligent in the training of Ramsey County Jail employees.

60. Defendant Ramsey County knew or had reason to know that Defendant Satriano engaged in inappropriate conduct with inmates.

61. Jail staff were told of sexual conduct by Defendant Satriano through her own reporting.

62. Jail staff failed to supervise the administration of medications to inmates, the funding of jail phone accounts of inmates, and the writing of personal letters to inmate. Such conduct is at the core of traditional sexual grooming behavior.

63. It appears no policy changes were put in place as a result of the reported

16

conduct and instead Mr. Williams was put into custody of the Stillwater prison for the remaining pendency of his case.

64. Defendant Ramsey County failed to train and supervise Jail staff on warning signals as well as the requirement that superiors be alerted when policies or customs are broken.

65. Because Defendant Ramsey County failed to train and supervise Jail staff on these issues, Defendant Satriano was given the opportunity and ability to continue her sexual abuse and exploitation of male inmates.

**PRAYER FOR RELIEF**

A.     Enter a declaratory judgment on behalf of Plaintiff that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted excessive force in violation of the Eighth and Fourteenth Amendments;

B.     Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate him for the violation of his Eighth and Fourteenth Amendment rights;

C.     Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:

       a.     Retaliating against Plaintiff or his family for bringing this lawsuit; and
       b.     Subjecting Plaintiff to cruel and unusual punishment in the future.

D.     Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. 1983 claims;

E.     Order Defendants to pay Plaintiff's attorneys' fees and costs as

17

authorized by 42 U.S.C. §1988; pre-judgement interest and any other relief deemed necessary and proper;

F.　　Grant all other and additional relief to which Plaintiff may be entitled.

A JURY TRIAL IS REQUESTED ON ALL ISSUES ENUMERATED IN THE COMPLAINT PURSUANT TO RULE 38 OF THE FEDERAL RUES OF CIVIL PROCEDURE.

RESPECTFULLY SUBMITTED this 30th day of July, 2025.

Tyler Bliss
**TYLER BLISS ATTORNEY AT LAW**
80 South 8th Street, Unit 900
Minneapolis MN 55402
Telephone: (651) 789-0192
Tyler@tylerblisslaw.com

Graham Ojala-Barbour
**OJALA-BARBOUR LAW FIRM**
1100 7th Street West
Saint Paul MN 55102
Phone:  651-214-6284
graham@ojalabarbour.com

*Attorneys for Plaintiff*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM-ECF System for filing and transmittal of a Notice of Electronic filing.

s/Graham Ojala-Barbour