**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| DeLaQuay Williams, | Court File No.: 0:24-cv-2618-KMM/SGE |
| Plaintiff, | |
| v. | **DEFENDANT RAMSEY COUNTY'S ANSWER TO THE AMENDED COMPLAINT** |
| Christine Satriano, in her personal and official capacities, | |
| Defendant. | |

---

Defendant Ramsey County, ("County"), appearing in the matter on behalf of Christine Satriano solely to the extent that she is being sued in her official capacity, for their Answer to Plaintiff's Amended Complaint, states and responds as follows:

1.     The County denies each and every allegation, matter, and thing contained in the Amended Complaint, which is not hereafter expressly admitted, qualified, or otherwise answered below.

2.     As to paragraphs 1, denies to the extent that Plaintiff alleges that the County violated his constitutional rights. The remaining allegations require no response; to the extent a response is required, denies.

3.     As to paragraph 2, admits solely to the extent that Plaintiff was an inmate at the Ramsey County Adult Detention Center ("ADC") and that Defendant Satriano gave Plaintiff unprescribed medication. The County denies that Plaintiff and Satriano had a "sexual relationship" and that any sort of "relationship" between Plaintiff and Satriano was consensual. The County denies the remaining allegations.

4.      As to paragraph 3, admits that this Court has jurisdiction; otherwise denies.

5.      As to paragraph 4, admits that venue is proper; otherwise, denies.

6.      As to the paragraph 5, admits.

7.      As to the paragraph 6, admits.

8.      As to the paragraph 7, lacks knowledge or information sufficient to form a belief about the truth of the allegation, which has the effect of a denial.

9.      As to the paragraph 8, admits solely to the extent that Plaintiff alleges that Ramsey County operates the ADC and that the County is a legal entity responsible or the jail. Otherwise, denies.

10.     As to the paragraph 9, denies.

11.     As to the paragraph 10, lacks knowledge or information sufficient to form a belief about the truth of the allegation, which has the effect of a denial.

12.     As to the paragraph 11, denies.

13.     As to the paragraph 12, the County asserts that Satriano's characterization of the "relationship" between her and Plaintiff and the happenings thereof are described in detail in pleadings, transcripts of proceedings, and other papers filed in the criminal proceedings against her in *State v. Satriano*, 62-cr-22-4113, which speak for themselves. To the extent further response is required, denies.

14.     As to the paragraph 13, admits solely to the extent that Satriano gave Plaintiff unprescribed medication. The County asserts that Plaintiff requested this medication. Otherwise, denies.

2

15.    As to the paragraph 14, admits solely to the extent that Satriano was prosecuted by Ramsey County for Aiding and Offender – Accomplice After the Fact pursuant to Minnesota Statute § 609.495.2 in the Minnesota District Court, 2nd Judicial District. Otherwise, denies.

16.    As to the paragraph 15, admits that an interview occurred and that Satriano made these statements, which speak for themselves. Otherwise, denies.

17.    As to the paragraph 16, states a legal conclusion to which no response is required. To the extent a response is required, denies.

18.    As to the paragraphs 17, denies.

19.    As to paragraph 18, admits solely to the extent that Satriano gave Plaintiff unprescribed medication. Otherwise, denies. The County further denies that Plaintiff and Satriano had a "sexual relationship" and that any sort of "relationship" between Plaintiff and Satriano was consensual.

20.    As to the paragraphs 19-22, states legal conclusions to which no response is required. To the extent a response is required, denies.

21.    As to the paragraphs 23-24, lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged injuries, which has the effect of a denial. Otherwise, denies. The County further denies that any "sexual contact" occurred between Plaintiff and Satriano.  The County further denies that Plaintiff and Satriano had a "sexual relationship" and that any sort of "relationship" between Plaintiff and Satriano was consensual.

22.    As to the paragraph 25, denies.

3

23.     As to the paragraph 26, denies. The County further denies that Plaintiff and Satriano had a "sexual relationship" and that any sort of "relationship" between Plaintiff and Satriano was consensual.

24.     As to the paragraph 27, lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged injuries, which has the effect of a denial. Otherwise, denies. The County further denies that any "sexual contact" occurred between Plaintiff and Satriano and that any sort of "contact" between Plaintiff and Satriano was consensual.

25.     As to the paragraph 28, restates and realleges its Answer and responses to paragraphs 1-27 of the Amended Complaint.

26.     As to the paragraphs 29-31, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies. The County further denies that Plaintiff and Satriano had a "sexual relationship" and that any sort of "relationship" between Plaintiff and Satriano was consensual.

27.     As to the paragraph 32, restates and realleges its Answer and responses to paragraphs 1-31 of the Amended Complaint.

28.     As to the paragraphs 33-34, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies.

29.     As to the paragraph 35, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies. The County further denies that any "sexual contact" occurred between Plaintiff and Satriano and that any sort of "contact" between Plaintiff and Satriano was consensual.

4

30.     As to paragraphs 36-39, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies.

31.     As to paragraph 40, denies.

32.     As to the paragraph 41, restates and realleges its Answer and responses to paragraphs 1-40 of the Amended Complaint.

33.     As to the paragraphs 42, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies. The County further denies that any "sexual contact" occurred between Plaintiff and Satriano and that any sort of "contact" between Plaintiff and Satriano was consensual.

34.     As to paragraphs 43-44, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies.

35.     As to the paragraph 45, lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged injuries, which has the effect of a denial. Otherwise, denies.

36.     As to the paragraph 46, admits solely to the extent that Satriano was employed by Ramsey County. Otherwise, denies.

37.     As to the paragraph 47, the County asserts that Satriano's characterization of the "relationship" between her and Plaintiff, the happenings thereof, and when they happened are described in detail in pleadings, transcripts of proceedings, and other papers filed in the criminal proceedings against her in *State v. Satriano*, 62-cr-22-4113, which speak for themselves. To the extent further response is required, denies.

38.     As to the paragraphs 48-49, denies. The County further denies that any "sexual contact" occurred between Plaintiff and Satriano and asserts that any sort of "contact" between Plaintiff and Satriano was consensual.

39.     As to the paragraph 50, lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged injuries, which has the effect of a denial. Otherwise, denies. The County further denies that any "sexual contact" occurred between Plaintiff and Satriano and asserts that any sort of "contact" between Plaintiff and Satriano was consensual.

40.     As to the paragraph 51, admits solely to the extent that Satriano was employed by Ramsey County. The remainder of Plaintiff's allegations state legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies.

41.     As to the paragraph 52, the County asserts that Satriano's characterization of the "relationship" between her and Plaintiff, the happenings thereof, and when they happened are described in detail in pleadings, transcripts of proceedings, and other papers filed in the criminal proceedings against her in *State v. Satriano*, 62-cr-22-4113, which speak for themselves. To the extent further response is required, denies.

42.     As to the paragraph 53, restates and realleges its Answer and responses to paragraphs 1-52 of the Amended Complaint.

43.     As to the paragraph 54, states legal conclusions to which no response is required, which has the effect of a denial. To the extent a response is required, denies.

6

44.    As to paragraph 55, denies. The County further asserts that Satriano's characterization of the "relationship" between her and Plaintiff, the happenings thereof, and when they happened are described in detail in pleadings, transcripts of proceedings, and other papers filed in the criminal proceedings against her in *State v. Satriano*, 62-cr-22-4113, which speak for themselves. The County further denies that any "sexual conduct" occurred between Plaintiff and Satriano and asserts that any sort of "conduct" between Plaintiff and Satriano was consensual.

45.    As to paragraphs 56-57, denies.

46.    As to the paragraph 58, restates and realleges its Answer and responses to paragraphs 1-57 of the Amended Complaint.

47.    As to the paragraphs 59-60, denies.

48.    As to paragraph 61, denies. The County further denies that any "sexual conduct" occurred between Plaintiff and Satriano and asserts that any sort of "conduct" between Plaintiff and Satriano was consensual.

49.    As to paragraph 62, denies. The County further asserts that Satriano's characterization of the "relationship" between her and Plaintiff, the happenings thereof, and when they happened are described in detail in pleadings, transcripts of proceedings, and other papers filed in the criminal proceedings against her in *State v. Satriano*, 62-cr-22-4113, which speak for themselves. The County further denies that Satriano engaged in any "sexual grooming behavior" and that any sort of sexual behavior, conduct, or contact between Satriano and Plaintiff was consensual.

50.    As to paragraphs 63-65, denies.

51.    As to Plaintiff's "Prayer for Relief" section, the County denies that Plaintiff is entitled to any relief sought against it.

52.    The County joins Plaintiff's request for a jury trial.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, the County reasserts each preceding paragraph and state that:

1.    The Amended Complaint fails in whole or in part to state a claim for relief against the County.

2.    Plaintiff's claims are barred by the immunities afforded to Ramsey County and its employees by law including, but not limited to qualified immunity, official immunity, statutory immunity, and all other immunities by federal and or state law.

3.    The County is shielded from suit, liability, and damages as provided in Minn. Stat. Ch. 466.

4.    Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

5.    If Plaintiff has sustained damages as alleged in the Amended Complaint, the same are the results of the acts, omissions, negligence, or fault of Plaintiff or third persons over whom the County had no control.

6.    Plaintiff's claims are barred in whole or in part by doctrines of estoppel, assumption of risk, waiver, release, consent, or unclean hands.

7.      Plaintiff's claims are barred in whole or in part by intervening causes and/or superseding events, or actions of others, or resulted from natural disease, or other force of nature. Plaintiff's damages, if any, were not caused by any act or omission of the County.

8.      Plaintiff's claims are subject to Minnesota's expert review statute, Minn. Stat. § 145.682, and strict compliance with it is required.

9.      To the extent Plaintiff has suffered damages, he has failed to mitigate those damages.

10.     Except as specifically provided by law, Plaintiff is not entitled to recover attorney's fees, costs, disbursements, or interest.

11.     The County, at all times material hereto, acted in good faith, without malice, with reasonableness, and in accordance with applicable law.

12.     Plaintiff failed to exhaust remedies available to him under state and/or federal law.

13.     Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense.

14.     All actions taken by the County were taken for legitimate, non-pretextual, non-retaliatory, and non-discriminatory reasons.

15.     Plaintiff's complaint is barred because even if an impermissible motivation has been a determining factor with respect to the actions alleged by Plaintiff, which the County specifically denies, the County would have taken the same action in the absence of any impermissible motivating factor.

16.     The County incorporates by reference each and every additional affirmative defense that may be uncovered or may be made known during investigation in discovery of this case. Consequently, the County specifically reserves the right to amend this Answer and include affirmative defenses as the time they are discovered, as needed.

**WHEREFORE,** the County prays that Plaintiff take nothing by his pretended cause of action; that his Amended Complaint be dismissed in its entirety; that it have judgment in its favor, together with costs and disbursements; and for such further and other relief as the Court deems just and equitable.

**JOHN J. CHOI**
**RAMSEY COUNTY ATTORNEY**

Dated:  September 19, 2025

By: */s/ Brett Bacon*
     Brett Bacon (#0400776)
Kristine Nogosek (#0304803)
Assistant Ramsey County Attorneys
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
651-266-3211 (Bacon)
651-266-3230 (Nogosek)
brett.bacon@co.ramsey.mn.us
kristine.nogosek@co.ramsey.mn.us

**ATTORNEYS FOR DEFENDANT**
**RAMSEY COUNTY**