DeLaQuay Williams,                                    Court File No.: 0:24-cv-2618-KMM/SGE

        Plaintiff,

v.                                                    **RULE 26(f) REPORT**

Christine Satriano, in her personal
and official capacities,

        Defendant.

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 14, 2025, and prepared the following report.

The initial pretrial conference in this matter is scheduled for October 23, 2025, before United States Magistrate Judge Shannon G. Elkins via Zoom – audio only.

## DESCRIPTION OF CASE

1.      Concise factual summary of Plaintiff's claims;

**Between May and July 2022, while employed as a medical assistant at Ramsey County Jail, Ms. Satriano took advantage of her position of power over Mr. Williams who was then an inmate at the jail by providing him favors constituting sexual grooming and later committed sexual abuse against him. She unlawfully gave Mr. Williams unprescribed medications and promised favors to facilitate her sexual abuse. She escalated from unscheduled drugs (sertraline, bupropion) to Schedule IV and V drugs (quetiapine, gabapentin), cultivating his chemical dependency. She further groomed him via cash payments, external communications, and promises to help with bail. The abuse culminated in two nonconsensual sexual acts—felonies made possible by her abuse of power and lack of oversight by Ramsey County. Failure of county policies allowed her to provide unprescribed drugs to Mr. Williams. Also, Ms. Satriano reported the relationship to Jane Doe who either failed to report the abuse or the county failed to take action on them. Ramsey County failed to have meaningful policies in place to prevent and monitor such abuse. Mr. Williams was harmed psychologically and physically as a result of the actions of Ms. Satriano**

**and the county.**

2.      Concise factual summary of Defendants' claims/defenses;

<u>**Ramsey County**</u>

**Plaintiff entered the Ramsey County Adult Detention Center in May 2022 after being arrested in murder charges. At the time of the events, Defendant Satriano was employed as a medical assistant by Ramsey County. From May-July 2022, Plaintiff and Defendant Satriano exchanged letters containing sexually-explicit language. Satriano was arrested in July 2022 and admitted in a police interview that Plaintiff had asked her to speak with his codefendants to make sure no one was "snitching" and that she had done so. Satriano later pleaded guilty to Aiding an Offender – Accomplice After the Fact.**

<u>**Christine Satriano**</u>

<u>**—Defendant Satriano did not provide a summary in a timely manner—**</u>

3.      Statement of jurisdiction (including statutory citations);

**Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 2201 and 42 U.S.C. §§ 1983 and 1988.**

4.      Summary of factual stipulations or agreements;

**None at this time.**

5.      Statement of whether jury trial has been timely demanded by any party;

**Both parties have requested a jury trial.**

6.      Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

**Ramsey County has served its Answer to the Amended Complaint and has no present intention of amending this.**

**Defendant Christine Satriano has served her answer to the amended complaint and has no present intention of amend this.**

**Plaintiff waives issues related to timeliness of service by Satriano. Plaintiff intends to amend the complaint as to Jane Doe once her**

**identity is discovered.**

7.     If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

**Defendant Ramsey County is self-insured. Also, Defendant Ramsey County has informed Defendant Satriano that she is not entitled to defense or indemnification from the County under Minn. Stat. § 466.07, subd. 1(2).**

8.     If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

**Parties will decline.**

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.     The parties must make their initial disclosures required by Rule 26(a)(1) on or before **November 14, 2025**.

2.     Fact discovery procedures shall be commenced in time to be completed on or before **November 30, 2026**.

3.     The parties **do** believe that discovery should be conducted in phases or

limited to or focused on certain issues or certain sources before others. (If so, describe.)

**Written discovery should be conducted first, followed by depositions, and then expert discovery, if needed. The parties suggest the following deadlines for each phase:**

**All written discovery that is reasonably discoverable at the time of disclosure: Due March 2, 2026.**

**Fact Depositions: Due August 1, 2026.**

**Expert discovery: Due November 30, 2026.**

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

   b) No more than **25** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

5. No more than **3** Rule 35 Medical Examinations shall be taken by Defendant and completed by September 30, 2026.

6. No more than **10** depositions, excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

   The parties have reached the following additional agreements concerning the taking of depositions:  **none at this time**.

8. The parties have agreed upon the following additional limitations on discovery procedures:  **none at this time**.

9. <u>Other discovery issues</u>.

a)  Discovery of Electronically Stored Information.

**The parties have discussed the scope of ESI discovery, including relevance and proportionality, and any issues about preservice ESI. The parties have also discussed the form or forms in which ESI should be produced. They inform the Court of the following agreements or issues: Electronic discovery will be produced in PDF, if practicable. If not practicable, documents will be produced in native format. Further issues, should they arise, will be worked out on a case-by-case basis**.

[**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e-mailed to the chambers e-mail box.]

b)  Claims of Privilege or Protection.

**The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and <u>do</u> request the Court to include the following agreement in the scheduling order or as part of a protective order:**

> **The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state**

**proceeding.**

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:

_____.

## EXPERT DISCOVERY

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1.  Plaintiff anticipates calling up to **3** experts. Defendant anticipates calling up to **3** experts. Each side may take one deposition per expert.

2.  Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a)  Identities by Plaintiff on or before **November 30, 2026**. Disclosures by Plaintiff on or before **November 30, 2026**.

    b)  Identities by Defendant on or before **February 15, 2027**. Disclosures by Defendant on or before **December 15, 2026**.

    c)  Rebuttal identities and disclosures on or before **December 15, 2026**.

3.  Expert discovery, including depositions, shall be completed by **January 15, 2027.**

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.  Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **May 10, 2026**.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **May 10, 2026**.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **October 15, 2026**. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of fact discovery.]

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **October 15, 2026**. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of expert discovery.]

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Elkins' chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do not** believe that expert discovery must be completed before

dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **April 15, 2027.**

**SETTLEMENT**

1.      The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must discuss whether they believe the case is appropriate for a private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows:  The Plaintiff has provided written demands and Defendants have responded. Parties do not believe private mediation or an early settlement conference would be productive.  Parties intend to engage in discovery prior to further settlement discussions.

2.      Each party will email to Magistrate Judge Elkins' chambers, no later than one (1) week before the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes and early settlement conference would be productive, what discovery each party believes is necessary before and early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Elkins in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Elkins for ruling.]

3.      The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**TRIAL**

1.      Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with

the Clerk of Court.)  Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.    The parties agree that this case will be ready for trial on **July 30, 2027**. The anticipated length of the **jury** trial is **five (5)** days.

**Attorneys for Plaintiff**

/s/ Tyler C. Bliss

Tyler Bliss
**TYLER BLISS ATTORNEY AT LAW**
80 South 8th Street, Unit 900
Minneapolis MN 55402
Telephone: (651) 789-0192
Tyler@tylerblisslaw.com

/s/ Graham Ojala-Barbour

Graham Ojala-Barbour
**OJALA-BARBOUR LAW FIRM**
1100 7th Street West
Saint Paul MN 55102
Phone:  651-214-6284
graham@ojalabarbour.com

*Attorneys for Plaintiff*

**Attorney for Defendant Ramsey County**

/s/ Brett Bacon

**John J. Choi**
**Ramsey County Attorney**
Brett Bacon #400776
Kristine Nogosek #304803
Phone:  651-266-3211
brett.bacon@co.ramsey.mn.us
kristine.nogosek@co.ramsey.mn.us

Attorneys for Ramsey County

**Defendant Christine Satriano**

**Present on Phone Conference**