**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| DeLaQuay Williams, | Case No. 24-cv-2618 (KMM/SGE) |
| Plaintiff, | |
| v. | **REPORT &**<br>**RECOMMENDATION** |
| Christine Satriano *in her individual and*<br>*official capacities*, | |
| Defendant. | |

This matter is before the Court on Defendant Christine Satriano's Motion to Dismiss brought in her individual capacity. (Dkt. 66.) The Honorable Katherine Menendez, District Judge for the United States District Court for the District of Minnesota, has referred this matter to the undersigned for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons that follow, this Court recommends that Ms. Satriano's Motion be granted-in-part and denied-in-part.

## BACKGROUND[1]

Ms. Satriano previously worked as a medical assistant at the Ramsey County Adult Detention Center in Saint Paul, Minnesota. (Am. Compl. ¶ 6.) Mr. Williams alleges that, over a three-month period while he was an inmate at the Ramsey County Detention Center, Ms. Satriano had multiple sexually explicit conversations with him, wrote him sexually explicit letters, and gave him medication that he was not prescribed. (*Id.* ¶¶ 12-13, 15.)

---

[1] The Court takes the facts as pleaded in the Amended Complaint as true for purposes of this Motion. *E.g.*, *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008).

Mr. Williams filed a complaint asserting various claims against Ms. Satriano in her individual and professional capacities asserting claims under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment and failure to train and supervise, assault and battery, negligent infliction of emotional distress, negligent supervision of Ms. Satriano by Defendant Ramsey County, and negligent supervision and training of jail employees.

Mr. Williams filed the Amended Complaint on July 30, 2025. (Dkt. 56.) Ramsey County answered the Amended Complaint on September 19, 2025. (Dkt. 63.) Ms. Satriano also filed an Answer to the Amended Complaint. (Dkt. 65.) At the same time, Ms. Satriano moved in her individual capacity to dismiss all claims against her. (Dkt. 66.) Mr. Williams filed a response to Ms. Satriano's motion (Dkt. 70), and this Court extended Ms. Satriano's deadline to file a reply brief to January 5, 2026. (Dkt. 71.) Ms. Satriano did not submit a reply brief by this deadline, and this Court took the Motion under advisement on January 6, 2026. (*See* Dkt. 79.)

## LEGAL STANDARD

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), litigants must properly plead their claims under Rule 8 and set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although the federal pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" *Id.*, at 678 (quoting *Twombly*, 550 U.S. at 570); *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

In her Motion to Dismiss, Ms. Satriano argues that Mr. Williams' claims against her in her individual capacity should be dismissed for failure to state a claim, frivolous and retaliatory litigation, lack of credibility and contradictory evidence, abuse of process, and violation of due process. (Dkt. 66 at 1.) In opposition, Mr. Williams argues that the Motion should be denied because it was not timely filed and Ms. Satriano's Answer did not preserve the defense of failure to state a claim.

At the outset, this Court notes that the only legal basis Ms. Satriano advances in support of her Motion is failure to state a claim. Neither "abuse of process," "lack of credibility and contradictory evidence," nor "violation of due process" is a defense that a party can assert under Rule 12. Even granting Ms. Satriano's *pro se* filings a liberal construction, *see, e.g.*, *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006), the alternative requests for relief do not support dismissing the Amended Complaint. Credibility and evidentiary disputes are best resolved through discovery and trial, and whether there has been an abuse of process or a violation of due process is a different question from whether the Amended Complaint states a claim for relief.

3

The sole recognized ground Ms. Satriano advances for dismissing claims against her is failure to state a claim. Rule 12(b) provides that "a party asserting a defense by motion, including a motion for failure to state a claim upon which relief can be granted, must assert such a defense *before pleading*, if a responsive pleading is allowed." *Radcliffe v. Securian Fin. Group, Inc.*, 906 F. Supp. 2d 874, 883 (D. Minn. 2012) (citing Fed. R. Civ. P. 12(b)). Under the Rule, a party cannot file a Rule 12(b)(6) motion after filing an answer. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Ms. Satriano did file an Answer to the Amended Complaint, which counsels this Court to recommend her Motion to Dismiss be denied and the matter to proceed. Nonetheless, given her *pro se* status, the Court will consider the merits of her Motion. Even if Ms. Satriano had not filed an Answer, this Court would recommend denying most of her Motion because the Amended Complaint states sufficient facts that, if taken as true, support the stated claims for relief.

Mr. Williams' first claim against Ms. Satriano is for violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Amended Complaint alleges that Ms. Satriano sexually abused Mr. Williams, had multiple sexually explicit conversations and communications with Mr. Williams, and gave him unprescribed mediation for several months while she was employed as a Medical Assistant at Ramsey County Adult Detention Center. "The Eighth Circuit has held that 'the sexual assault of an inmate by a guard violates the inmate's constitutional rights.'" *Christians v. Hanvey*, 2024 WL 4241839 (D.S.D. Sep. 19, 2024) (citing *Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007), *overruled on other grounds by, Pearson v. Callahan*, 555 U.S. 223 (2009)).

4

"[S]exual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and . . . can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain'" in violation of the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Viewing all the facts in the Amended Complaint as true, the Amended Complaint adequately pleads claims for violation of Mr. Williams' Eight Amendment rights.

The Amended Complaint also asserts a common claim for "Civil Assault and Battery." An assault is "an unlawful threat to do body harm to another with the ability to carry out the threat." *Dahlin v. Fraser*, 288 N.W. 851, 852 (1939). "When the words or threats are accompanied by a threat of physical violence under conditions indicating present ability to carry out the threat, they cease to be mere words or threats" and can be actionable under assault. *Id.* (citation omitted). Battery is "an intentional, unpermitted offensive contact with another." *Johnson v. Morris*, 453 N.W.2d 31, 40 (Minn. 1990) (citing *Paradise v. City of Minneapolis*, 297 N.W.2d 152, 155 (Minn. 1980)). The operative elements of a battery are (1) intent and (2) offensive contact. *Id.* (citing *Schumann v . McGinn*, 240 N.W.2d 525, 529 (Minn. 1976)). Mr. Williams' Amended Complaint alleges that Ms. Satriano engaged in sexually explicit conversations and communications with Mr. Williams and had sexual contact with him, all while she was in a position of authority over him. This states a plausible claim for both common law assault and battery against Ms. Satriano in her individual capacity, and this Court recommends that Ms. Satriano's Motion be denied as it relates to this claim.

Mr. Williams also asserts a common law claim for negligent infliction of emotional distress arising from Ms. Satriano's actions. To state a claim for negligent infliction of emotional distress, Mr. Williams must plead that he (1) was within a zone of danger of physical impact; (2) reasonably feared for his own safety; and (3) suffered severe emotional distress with attendant physical manifestations. *See Stead-Bowers v. Langley*, 636 N.W.2d 334, 343 (Minn. Ct. App. 2001). "The zone of danger requirement may be replaced by an intentional tort . . . ." *Oslin v. State*, 543 N.W.2d 408, 417 (Minn. Ct. App. 1996), *review denied* (Minn. Apr. 1, 1996). The Amended Complaint alleges that Ms. Satriano's conduct was intentional, but it fails to allege sufficient facts to establish severe emotional distress with attendant physical manifestations. Mr. Williams' allegations of mental trauma and anguish, depression, and fear and distrust of carceral staff are not sufficient to clear this high bar. *See Elstrom v. Indep. Sch. Dist. No. 270*, 533 N.W.2d 51, 57 (Minn. Ct. App. 1995), *review denied* (Minn. July 27, 1995) (finding that claims of insomnia, crying spells, fear, and depression did not state a claim for severe emotional distress). Because the Amended Complaint fails to allege severe emotional distress, this Court recommends that Ms. Satriano's Motion to Dismiss be granted only with respect to Mr. Williams' claim for negligent infliction of emotional distress.

## **RECOMMENDATION**

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Ms. Satriano's Motion to Dismiss (Dkt. 66) be **GRANTED-IN-PART and DENIED-IN-PART** as follows:

6

1. With respect to Mr. Willaims' claim for negligent infliction of emotional distress, the Motion to Dismiss be **GRANTED** and the claim be **DISMISSED**; and

2. With respect to all other claims against Ms. Satriano, the Motion be **DENIED**.

Dated: February 23, 2026

> *s/Shannon G. Elkins*
> SHANNON G. ELKINS
> United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of (1) 14 days after the objections are filed, or (2) from the date a timely response is filed.